IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **PAUL MICHAEL SHUMATE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 3:25-cv-05108-MDH** |
| | ) | |
| **PITBULL POWERSPORTS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court are Defendant Pitbull Powersports's Motion to Stay or Dismiss (Doc. 10), Defendant City of Joplin's Motion to Dismiss for Failure to State a Claim (Doc. 15), and Defendant McDonald County's Motion to Dismiss for Failure to State a Claim (Doc. 16). Plaintiff, acting *pro se*, failed to file a response. The Court entered an order on August 13, 2026, extending Plaintiff's deadline to respond to August 27, 2026, but Plaintiff still did not file his response. The matter is now ripe for review, and the Court will rule without the benefit of Plaintiff's input. Each motion is **GRANTED**.

This case arises from the repossession of a motorcycle from Plaintiff's residence. On February 3, 2025, Plaintiff filed a complaint in the Circuit Court of Jasper County, Missouri, alleging "malicious prosecution, defamation, false police report, wrongful seizure, fraud, and intentional infliction of emotional distress." On December 17, 2025, Plaintiff filed a complaint before this Court arising out of the same incident. (Doc. 1-2). In it, he alleges that Defendants worked together to seize his motorcycle in violation of the Fourth and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act, and federal civil rights law. Plaintiff states that he purchased a used 2013 Can-Am Spyder RT-S motorcycle from Defendant

on October 26, 2024. He acknowledges that after he took possession of the motorcycle, a dispute arose between the parties as to whether full payment for the vehicle actually occurred. The dispute ultimately led to McDonald County Sheriff's deputies seizing the motorcycle from Plaintiff's home on January 27, 2025.

This Court need not enter the payment dispute because Plaintiff's complaint discloses he is not the legal owner of the motorcycle. The motorcycle's Certificate of Title does not list Mr. Shumate as the purchaser; instead, it lists 4A Financial Services ("4A Financial") as the legal owner. (Doc. 1-3). Defendant's purchase agreement form also lists 4A Financial as the purchaser. In the space for the purchaser's email address is written "paul.shumate@4Afinancialservices .com." As a result, 4A Financial, not Plaintiff, is the party who may bring this cause of action. In addition, Mr. Shumate may not bring a cause of action on behalf of 4A Financial because he is not a lawyer. A limited liability company can be represented only by a licensed attorney. *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007).

A party invoking federal jurisdiction must establish that he has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). A plaintiff has standing when (1) he suffered "an actual injury in fact" which is "concrete and particularized" and "actual or imminent"; (2) there is a causal connection between the injury and the alleged conduct of the defendant(s); and (3) it is likely that the injury "will be redressed by a favorable judicial decision." *Id.* at 560–61. Here, Plaintiff does not have standing.

Furthermore, "[t]he elements of a claim for unreasonable seizure under the Fourth Amendment consist of proof of the plaintiff['s] 'possessory interest in the seized property,' the state's meaningful interference with that possessory interest, and a showing that the interference was 'unreasonable.'" *Satkowiak v. Marshall*, 832 F.Supp.3d 752, 757 (E.D. Mich. 2026) (citing

*United States v. Jacobsen*, 466 U.S. 109, 113 (1984)) (cleaned up). Plaintiff fails to provide allegations regarding the scope of his possessory interest in the motorcycle other than bare assertions that he is the owner, which is not the case. He therefore cannot bring a Fourth Amendment claim for unreasonable seizure.

For the above reasons, the Court hereby **GRANTS** Defendant Pitbull Powersports's Motion to Stay or Dismiss, **GRANTS** Defendant City of Joplin's Motion to Dismiss for Failure to State a Claim, and **GRANTS** Defendant McDonald County's Motion to Dismiss for Failure to State a Claim. It is hereby **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of standing.

**IT IS SO ORDERED.**

Date: September 17, 2026

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**